## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| RYAN GOOD : <br> 5208 Parade Field Way : <br> Lansdale, PA 19446 : <br> : <br>         Plaintiff, : <br> : <br>         v. : <br> : <br> COMCAST BUSINESS COMMUNICATIONS : <br> SYSTEMS, INC. : <br> 1701 John F. Kennedy Boulevard : <br> Philadelphia, PA 19103 : <br> : <br>         Defendant. : | Civil Action No.: _____ <br><br> **JURY TRIAL DEMANDED** |

---

## COMPLAINT

Plaintiff, Ryan Good ("Plaintiff"), hereby brings this action against Defendant Comcast Business Communications Systems, Inc. ("Defendant"), and alleges, upon personal knowledge as to his own acts, and upon information and belief as to the acts of others, as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action contending Defendant violated his rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.*, and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*, by discriminating against him and ultimately terminating his employment on the basis of his disabilities, such disabilities Defendant regarded him as having, his past record of impairment, in retaliation for his attempts to exercise his rights under the ADA, PHRA and FMLA. Plaintiff further contends that Defendant interfered with his rights under the FMLA. As a result, Plaintiff has suffered damages as set forth herein.

2.  Plaintiff further contends that Defendant wrongfully discharged him in violation of Pennsylvania public policy for asserting his rights under the Pennsylvania Workers' Compensation Act.

## PARTIES

3.  Plaintiff Ryan Good is a citizen of the United States and Commonwealth of Pennsylvania, and currently resides at 5208 Parade Field Way, Lansdale, PA 19446.

4.  Upon information and belief, Defendant Comcast Business Communications Systems, Inc., is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with a corporate headquarters located within the Commonwealth of Pennsylvania at 1701 John F. Kennedy Boulevard, Philadelphia, PA 19103.

5.  At all times relevant hereto, Defendant acted or failed to act through its agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendant.

## JURISDICTION AND VENUE

6.  On or about June 17, 2020, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was dually filed with the Pennsylvania Human Relations Commission ("PHRC"), thereby satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e), and 43 P.S. § 959(a).  Plaintiff's EEOC Charge was docketed as EEOC Charge No. 530-2020-04407.  Plaintiff's EEOC Charge was filed within one hundred and eighty (180) days of the unlawful employment practice.

7.  By correspondence dated August 28, 2020, Plaintiff received a Notice of Right to Sue from the EEOC regarding his Charge, advising Plaintiff had ninety (90) days to file suit against Defendant.

8. Plaintiff filed the instant action within the statutory time frame applicable to his claims.

9. Plaintiff has therefore exhausted his administrative remedies and has complied with all conditions precedent to maintain this action.

10. This is an action authorized and instituted pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.*, the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, and Pennsylvania common law.

11. This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

12. This Court has pendant jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as those claims arise out of the same common nucleus of operative fact as his federal claims.

13. Personal jurisdiction over Defendant exists in the Commonwealth of Pennsylvania as Defendant is headquartered within the Commonwealth of Pennsylvania in Philadelphia, Pennsylvania, and conducts business throughout the Commonwealth of Pennsylvania.

14. The Venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the Defendant resides in this judicial district, doing business herein, and a substantial part of the unlawful practices of which Plaintiff is complaining were committed in the Commonwealth of Pennsylvania and in this judicial district.

**FACTUAL BACKGROUND**

15. The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

16. On or about March 7, 2006, Defendant hired Plaintiff in the position of Technician.

17. During his tenure, Plaintiff performed his job well, received occasional praise and no significant discipline.

18. On or about December 14, 2019, Plaintiff was involved in an automobile accident while working.

19. As a result thereof, Plaintiff reported to Defendant's office and was given a health test before visiting the emergency room to have a computed tomography ("CT") scan performed.

20. At that time, Plaintiff was directed to take one (1) week off by his treating physician.

21. As a result thereof, Plaintiff necessitated and requested a medical leave of absence under the Family and Medical Leave Act ("FMLA").

22. The following day, subsequent to the CT scan and as a result of still suffering from neck pain in connection with the aforementioned automobile accident, Plaintiff visited an Urgent Care facility, where he was diagnosed as suffering from a concussion.

23. As a result thereof, Plaintiff was again directed by his treating physician to take a medical leave of absence for one (1) week until he could meet with a specialist.

24. Around that same time, in pursuit of workers' compensation benefits, Plaintiff saw Defendant's workers' compensation doctor. This doctor also directed Plaintiff to visit a specialist in connection with the aforementioned.

25. Subsequent to the visiting with the specialist, Plaintiff was recommended by his treating physician to take two (2) weeks of medical leave, and, again, Plaintiff requested said leave.

26. Then, on or about January 2, 2020, Plaintiff was contacted by Defendant's Human Resources Representative, Kerri Leonard ("Ms. Leonard"), and Defendant's Manager, Joe Dougherty ("Mr. Dougherty"), who abruptly terminated Plaintiff from employment.

27. At no time prior to his termination was Plaintiff given FMLA paperwork or advised of his rights under the FMLA.

28. Plaintiff's concussion and neck pain are disabilities within the meaning of the ADA/PHRA in that they substantially impair his major life activities, including, but not limited to, lifting, concentrating, general self-care and the general function of his neurological system.

29. Plaintiff's requests for and use of temporary leave was a reasonable accommodation within the meaning of the ADA insofar as it permitted Plaintiff to perform the essential functions of his job after a period of treatment and did not place an undue burden upon Defendant.

30. Plaintiff believes and therefore avers that he was terminated by Defendant on account of his disabilities, his past record of impairment, such disabilities Defendant regarded him as having, and/or in retaliation for his requests for accommodation in connection thereto.

31. Plaintiff further believes and avers that he was terminated by Defendant in retaliation for asserting his rights under the Pennsylvania Workers' Compensation Act.

32. At the time of his termination, Plaintiff was qualified for his position.

33. Upon information and belief, at the time of his termination, Defendant had a continuing need for the job duties and responsibilities previously performed by Plaintiff.

34. At the time of his termination, Plaintiff would have been entitled to leave under the FMLA for his disabilities.

35. Defendant willfully violated the provisions of the FMLA by terminating Plaintiff's employment during Plaintiff's medical leave and prior to issuing him FMLA paperwork and informing him of his rights thereunder.

36. As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, promotion, benefits, earnings and earnings potential, loss of potential benefits, and other economic damages, and also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to reputation.

## COUNT I
## AMERICANS WITH DISABILITIES ACT
## 42 U.S.C. § 12101, *et seq.*
## DISCRIMINATION, RETALIATION AND FAILURE TO ACCOMMODATE

37. The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

38. At all times relevant hereto, Plaintiff was an employee of Defendant within the meaning of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*.

39. Pursuant to the ADA, Plaintiff is a qualified individual with one or more disabilities.

40. Plaintiff's concussion and neck pain are disabilities within the meaning of the ADA in that they substantially impair his major life activities, including, but not limited to, lifting, concentrating, general self-care and the general function of his neurological system.

41. Defendant was aware of Plaintiff's disabilities and regarded Plaintiff as being disabled.

42. Despite his disabilities, Plaintiff would have been able to perform the essential functions of his job with or without a reasonable accommodation, including, but not limited to, medical leaves of absence.

43. Defendant acted with malice and reckless indifference to Plaintiff's civil rights and emotional and physical wellbeing.

44. By reasons of the foregoing, Defendant, through its agents, officers, servants, and/or employees, has violated the ADA by failing to engage in the interactive process of determining a reasonable accommodation for Plaintiff, depriving him of pay and benefits, and ultimately terminating Plaintiff's employment on the basis of his actual and/or perceived disabilities, past record of impairment, such disabilities Defendant regarded Plaintiff as having, and in retaliation for Plaintiff's requests for reasonable accommodations in connection thereto.

45. It is further alleged that, by reasons of the foregoing, Defendant unlawfully failed to provide reasonable accommodations for Plaintiff's disabilities.

46. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Punitive and/or compensatory damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C. Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

D. Pre-judgment interest in an appropriate amount; and

E. Such other and further relief as is just and equitable under the circumstances.

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

## COUNT II
## PENNSYLVANIA HUMAN RELATIONS ACT
### 43 P.S. § 951, *et seq.*
### DISCRIMINATION AND RETALIATION

47. The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

48. Plaintiff is a qualified individual with disabilities within the meaning of the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.*, due to Plaintiff's concussion and neck pain which substantially impair his major life activities, including, but not limited to, lifting, concentrating, general self-care and the general function of his neurological system.

49. Plaintiff was/is able to perform the essential functions of his job with or without a reasonable accommodation.

50. Defendant acted with malice and reckless indifference to Plaintiff's civil rights and emotional and physical wellbeing.

51. By reasons of the foregoing, Defendant, through its agents, officers, servants, and/or employees, has violated the PHRA by failing to engage in the interactive process of determining a reasonable accommodation for Plaintiff, depriving him of pay and benefits, and ultimately terminating Plaintiff's employment on the basis of his actual and/or perceived disabilities, past record of impairment, such disabilities Defendant regarded Plaintiff as having, and in retaliation for Plaintiff's requests for reasonable accommodations in connection thereto.

52. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress and humiliation.

53. The conduct described above constitutes a violation of the PHRA and affords Plaintiff the opportunity to seek any and all remedies available under said Act.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Compensatory damages in an amount to be determined at trial;

C. Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

D. Pre-judgment interest in an appropriate amount; and

E. Such other and further relief as is just and equitable under the circumstances.

F.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages a set forth by federal law.

## COUNT III
## THE FAMILY AND MEDICAL LEAVE ACT
## 29 U.S.C. § 2601, *et seq.*
## <u>INTERFERENCE AND RETALIATION</u>

54.      The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

55.      Defendant employed at least fifty (50) employees at its various office locations within the applicable seventy-five (75) mile radius of Plaintiff's worksite for each working day in each of twenty (20) or more calendar days in the current or preceding year.

56.      Plaintiff was an eligible employee under the FMLA and entitled up to twelve (12) weeks of unpaid leave for his serious health condition.

57.      Plaintiff provided adequate notice to Defendant of his need for medical leave by giving notice as soon as he became aware of the need for leave and as soon as was practicable, pursuant to 29 U.S.C. § 2612(e).

58.      Defendant willfully violated the FMLA by interfering with Plaintiff's rights under the FMLA, and ultimately terminating Plaintiff in retaliation for requesting and taking leave under the FMLA.

59.      The aforementioned actions of Defendant constitute interference and retaliation under the FMLA.

60.      As a result of Defendant's actions, Plaintiff has suffered significant damages.

61. Plaintiff has, because of Defendant's termination of Plaintiff's employment, suffered loss of employment, promotion benefits, earnings and earnings potential, other significant benefits, emotional pain and suffering, emotional distress and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00):

B. Liquidated damages;

C. Plaintiff's costs, disbursements and attorneys' fees incurred in prosecuting this action;

D. Pre-judgment interest in an appropriate amount; and

E. Such other and further relief as is just and equitable under the circumstances.

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

## COUNT IV
## PENNSYLVANIA COMMON LAW
## <u>RETALIATION FOR ASSERTION OF RIGHTS UNDER</u>
## <u>PENNSYLVANIA WORKERS' COMPENSATION LAW</u>

86. Plaintiff incorporates herein by reference the preceding paragraphs as though the same were more fully set forth at length herein.

87. On or around December 14, 2019, during the course and scope of his employment, Plaintiff suffered a work-related injury.

88. Plaintiff's work-related injury caused Plaintiff to require medical care and treatment.

89. Plaintiff provided Defendant with notice of the work-related injury and reported the work-related injury to the workers' compensation doctor that he was directed by Defendant to visit.

90. Defendants unlawfully violated the public policy exception to Pennsylvania's common law tradition of at-will employment by unlawfully terminating Plaintiff's employment in retaliation for Plaintiff's decision to avail himself of the benefits of the Pennsylvania Workers' Compensation Act.

91. Plaintiff's termination was in violation of public policy pursuant to Pennsylvania common law.

**WHEREFORE,** as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B.  Punitive and/or compensatory damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C.  Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

D.  Pre-judgment interest in an appropriate amount; and

E.  Such other and further relief as is just and equitable under the circumstances.

F.  Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: */s/ Michael Murphy*
Michael Murphy, Esq.
Morgan J. Zucker, Esq.
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
murphy@phillyemploymentlawyer.com
mzucker@phillyemploymentlawyer.com
*Attorney for Plaintiff*

Dated: November 13, 2020

**DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's potential claims and his claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.